Jonah A. Grossbardt (State Bar No. 283584)
**SRIPLAW**
1801 Century Park East
Suite 1100
Los Angeles, CA 90067
323.364.6565 – Telephone
561.404.4353 – Facsimile
jonah.grossbardt@sriplaw.com

Attorneys for Plaintiff
DOUGLAS HAMMERSCHMITT

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS HAMMERSCHMITT,<br><br>Plaintiff,<br><br>v.<br><br>ROCKETEER GAMES STUDIO LLC,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

(INJUNCTIVE RELIEF DEMANDED)

Plaintiff DOUGLAS HAMMERSCHMITT ("Plaintiff" or "Hammerschmitt") by and through his undersigned counsel, brings this Complaint against Defendant ROCKETEER GAMES STUDIO LLC ("Defendant" or "RGS") for damages and injunctive relief, and in support thereof states as follows:

/ / /

/ / /

/ / /

**SUMMARY OF THE ACTION**

1. Hammerschmitt brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Hammerschmitt's original copyrighted works of authorship.

2. Hammerschmitt is a world-renowned and multi-award-winning pianist, composer, and music producer.

3. RGS is a software development and design company which has developed and commercially exploits and distributes first-person shooter online video games, including Red Crucible, Red Crucible 2, Red Crucible Firestorm, Red Crucible Reloaded, War Trigger Classic, War Trigger 2 and War Trigger 3 (collectively the "Games").

4. Hammerschmitt alleges that RGS copied, reproduced, distributed, synchronized, and publicly performed a substantial portion of Hammerschmitt's copyrighted master recording and compositional arrangement in several of RGS' Games.

5. Specifically, Hammerschmitt's copyrighted master recording and copyrighted arrangement has been used as the audio track in a map known as "Santa House", which users have been able to play in RGS' Games. RGS has neither acknowledged Hammerschmitt's contribution nor obtained permission to use his copyrighted master recording and arrangement, and RGS has not provided Hammerschmitt with any compensation whatsoever. While RGS has received substantial profits from the Games, including through offering in-game upgrades and weapons purchases, Hammerschmitt has received nothing – no acknowledgement, no credit, no remuneration of any kind.

6. Hammerschmitt brings this action to vindicate his rights for the deliberate taking of his work, to recover damages, and to ask that RGS be required to disgorge its ill-gotten profits attributable to its infringement and to cease and desist its continued, unauthorized use of Hammerschmitt's work and/or to provide credit and compensation rights and interests in the infringing work.

**JURISDICTION AND VENUE**

7. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

COMPLAINT FOR COPYRIGHT INFRINGEMENT
CASE NO.:

SRIPLAW
LOS ANGELES, CALIFORNIA

8. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

9. RGS is subject to personal jurisdiction in California.

10. RGS is a California limited liability company that is subject to personal jurisdiction in California.

11. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, RGS engaged in infringement in this district, and RGS is subject to personal jurisdiction in this district.

## DEFENDANT

12. RGS is a software development and design company which has developed and commercially exploits and distributes the Games. RGS is a California limited liability company with its principal place of business at 3140 Peacekeeper Way, Suite 101, McClellan Park, California 95652 and can be served by serving its Registered Agent, Eric O. Jeppson at 1478 Stone Point Dr., Suite 100, Roseville, California 95661.

## THE COPYRIGHTED WORK AT ISSUE

13. In 2008, Hammerschmitt created the master recording "Carol of The Bells" ("the Work"), which appeared on Hammerschmitt's album "Noel", and which includes the unique and original sound recording and musical arrangement that appear in RGS' Games. Hammerschmitt will submit audio recordings and sheet music notation of the Work to the Court, along with audio recordings of the Work as it appears in the Games.

14. Hammerschmitt registered the Work with the Register of Copyrights on November 24, 2008 and was assigned the registration number SR 619-421. The Certificate of Registration is attached hereto as Exhibit 1.

15. At all relevant times Hammerschmitt has been the owner of the copyrighted Work at issue in this case.

**SRIPLAW**
LOS ANGELES, CALIFORNIA

**INFRINGEMENT BY DEFENDANT**

16. The Work has appeared in, at least, the following Games: War Trigger Classic, War Trigger 2, War Trigger 3, Red Crucible 2, Red Crucible Reloaded, and Red Crucible Firestorm.

17. RGS has never sought or been licensed to use the Work at issue in this action for any purpose.

18. On a date after the Work at issue in this action was created and its copyright was registered, but prior to the filing of this action, RGS copied the Work.

19. RGS copied Hammerschmitt's copyrighted Work without Hammerschmitt's permission.

20. RGS' willful infringement of the Work has harmed Hammerschmitt because, among other things, Hammerschmitt was not properly credited for his contributions to the Games and because RGS denied Hammerschmitt the opportunity to determine whether he would desire his Work to be used in connection with these violent videogames. The proper licensing of the Work would not have only generated substantial revenues, but it would have generated recognition for Hammerschmitt as a contributor to the popularity of the Santa House map. Instead, Hammerschmitt had to learn of RGS' infringement without having received any recognition or compensation whatsoever.

21. RGS copied, reproduced, distributed, synchronized, and publicly performed and otherwise commercially exploited and profited from Hammerschmitt's Work in numerous ways, including but not limited to, synchronizing Hammerschmitt's Work with the gameplay on the "Santa House" map, which it advertised, promoted, and made available to its users in the Games each year, and for which its users have shown great enthusiasm.

22. RGS has profited from Hammerschmitt's Work in numerous ways including but not limited to drawing additional users to Santa Map for the purposes of selling in-app purchases, including themed weapons, upgrades, "packs" and/or "bundles" which have generated substantial sums for RGS.

23. RGS had access to the Work because the Work appeared on "Noel", which is Hammerschmitt's most popular album; an album which has accrued millions of streams and thousands of sales since its initial commercial release in 2008.

24. A substantial portion of Hammerschmitt's Work was used by RGS in the Games, without permission, acknowledgement or compensation.

25. The use of a substantial portion of Hammerschmitt's Work is grounds for this Court to infer that RGS had access to Hammerschmitt's Work. The verbatim copying of the work is blatant both in scale and degree, that it raises this matter to a level where access is presumed.

26. RGS' copying of a substantial portion of Hammerschmitt's Work, which are qualitatively and crucial elements of the Games in which they appear, is a sufficient basis to find substantial similarity.

27. To create the Santa House map, RGS intentionally and unlawfully copied and featured a continuous loop of a substantial portion of Hammerschmitt's unique and original Work.

28. Hammerschmitt's performance in the Work is original, unique, specific in terms of pitch, register and overall use, and a substantial portion of Hammerschmitt's Work acts as the entire featured audio track for the Santa House map, which has appeared in numerous Games and sets the entire tone for Santa House, significantly contributing to that map's substantial popularity among RGS' users and inspiring their frequent gameplay and in-game purchases while playing the Games.

29. Hammerschmitt's Work reaches the very essence of Santa House and is crucial to the popularity of Santa House.

30. The sameness of the performance and striking similarity between the audio track featured in the Santa House map within the Games and the protectable elements of the Work are obvious, such that an ordinary lay listener would instantly recognize the similarity between the works. The similarity surpasses the realm of generic coincidence and independent creation.

31. RGS' copying, and repeated and continuing commercial use and exploitation of Hammerschmitt's Work is not within the scope of the "fair use" exception to copyright.

32. Given the undisputable use of Hammerschmitt's Work, RGS knew when copying, reproducing, distributing, synchronizing, and publicly performing the Work in the Santa House map that they were infringing on a pre-existing Work.

33. RGS failed to secure a license to copy, synchronize, distribute, and exploit Hammerschmitt's Work.

34. RGS has, without authorization, created adaptations and derivative works of Hammerschmitt's Work by copying, manipulating or altering Hammerschmitt's master recording and composition.

35. The conduct of RGS constitutes direct, willful infringement of Hammerschmitt's copyright.

36. RGS' infringing acts were willful, knowing, and malicious and perpetrated without regard to Hammerschmitt's rights.

37. RGS continues to willfully infringe on Hammerschmitt's Work by reproducing, displaying, transmitting, distributing, synchronizing, and exploiting the Santa House map, which continues to be exploited in the Games annually at least during the months of December and January (and in some cases as early as November each year).

## COUNT I

## COPYRIGHT INFRINGEMENT

38. Hammerschmitt incorporate the allegations of paragraphs 1 through 37 of this Complaint as if fully set forth herein.

39. Hammerschmitt owns a valid copyright in the Work at issue in this case.

40. Hammerschmitt registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

41. RGS had access to the Work as discussed above. Furthermore, the sound recordings and musical arrangement in the Work and that which are featured in the Games are

strikingly similar, meaning that access is presumed, and a claimed defense of "independent creation" is precluded.

42. RGS' unauthorized reproduction, distribution, synchronization, and public performance of the Work in connection with the Games infringes Hammerschmitt's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 101 *et seq.*

43. RGS did not receive permission from Hammerschmitt to copy, sample or use any part of the Work in the Games.

44. RGS copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Hammerschmitt's authorization in violation of 17 U.S.C. § 501.

45. From the date of the creation of the Santa House map and its exploitation within the Games, the RGS has infringed Hammerschmitt's copyright interests in the Work, including:

    a. by substantially copying and publicly performing, or authorizing the copying, synchronization, and public performances on video, and otherwise; and

    b. by reproducing, distributing, and selling the Games through various sources.

46. RGS has reproduced and/or distributed and continues to reproduce and distribute large numbers of copies of the Games which continue to violate Hammerschmitt's copyright.

47. Hammerschmitt is entitled to declaratory and injunctive relief, ordering RGS to credit Hammerschmitt in connection with all future reproduction, distribution, sale, public performance, or other use or exploitation of the Games that include Hammerschmitt's intellectual property, and a continuing royalty following judgment in an amount to be determined.

48. RGS' acts were willful.

49. Hammerschmitt has been damaged.

50. The harm caused to Hammerschmitt has been irreparable.

WHEREFORE, the Hammerschmitt pray for judgment against the Defendant Rocketeer Games Studio LLC that:

a. Defendant and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

b. Defendant be required to pay Hammerschmitt his actual damages and Defendant's profits attributable to the infringement, or, at Hammerschmitt's election, statutory damages, as provided in 17 U.S.C. § 504;

c. Hammerschmitt be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon; and

d. Hammerschmitt be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Hammerschmitt hereby demands a trial by jury of all issues so triable.

DATED: September 9, 2020         Respectfully submitted,

*/s/ Jonah A. Grossbardt*
JONAH A. GROSSBARDT
**SRIPLAW**
Attorneys for Douglas Hammerschmitt

SRIPLAW
LOS ANGELES, CALIFORNIA